## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| COELET COTTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 16-2552-DDC |
| ) | |
| COTTONWOOD, INCORPORATED, ) | |
| ) | |
| Defendant. ) | |

### STIPULATED PROTECTIVE ORDER

The parties agree that during the course of discovery it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because discovery in this case may involve confidential, sensitive, personal, medical, financial, proprietary, and/or other information, including information regarding non-parties. Defendant intends to seek the production of financial and medical records relevant to Plaintiff's claims in this matter. In addition, depending on the scope of discovery in this case, it may also be necessary to designate as confidential some of Defendant's personnel files or human resources documentation, or Defendant's other confidential and trade secret financial and operations information.

For good cause shown under Fed. R. Civ. P. 26(c), the court grants the parties' joint request and hereby enters the following Protective Order:

1.      **Scope.**  All documents and materials produced in the course of discovery of this case, including initial disclosures and, if necessary, supplemental disclosures; responses to discovery requests; all deposition testimony and exhibits; and information derived directly therefrom (hereinafter collectively "Documents") are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2.      **Definition of Confidential Information.**  As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith as being entitled to confidentiality under the terms of this Order, and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties. For purposes of this Order, "Confidential Information" includes but is not limited to any financial or confidential medical information related to Plaintiff; Documents containing trade secrets, non-public and/or personnel information, financial information, or any other non-public information relating to the Defendant's operations, applicants, current and former employees, or finances. Information or documents that are available to the public may not be designated as Confidential Information.

For purposes of this order, "Document" means all written, recorded, or graphic material, in hard copy or electronic format, including but not limited to deposition transcripts and exhibits, trial and hearing transcripts and exhibits, pleadings, motions, affidavits, and briefs that may quote, summarize, or contain Confidential Information.

3.      **Form and Timing of Designation.**  A party may designate materials and documents as "Confidential" at the time it produces the material or within thirty (30) days

2

thereafter. Materials that have already been produced in this case may be designated

"Confidential" within thirty (30) days of the date of entry of this Order. Designating a document

"Confidential" does not mean that the document has any status or protection by statute or

otherwise except to the extent and for the purposes of this Order. As used in this Order, "copies"

includes electronic images, duplicates, extracts, summaries or descriptions that contain the

Confidential Information. Copies that are made of any designated documents must also bear the

"Confidential" marking, except that indices, electronic databases, or lists of documents that do

not contain substantial portions or images of the text of marked documents and do not otherwise

disclose the substance of the Confidential Information are not required to be marked. By marking

a designated document as confidential, the designating attorney thereby certifies that the

document contains Confidential Information as defined in this Order.

      **4.**     **Inadvertent Failure to Designate.**  Inadvertent failure to designate any

document or material as containing Confidential Information will not constitute a waiver of an

otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of

confidentiality is asserted by the Producing Party by written notice to the Recipient within ten

(10) days after discovery of the inadvertent failure.

      **5.**     **Protection of Confidential Material.**

      **(a)**     **General Protections.**  Designated Confidential Information must be used

or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals.

      **(b)**     **Who May View Designated Confidential Information.**  Except with the

prior written consent of the designating party or prior order of the court, designated Confidential

Information may only be disclosed to the parties (Coelet Cotton and Cottonwood, Incorporated);

their attorneys who have entered an appearance in this matter; their law firms of record and

3

employees of those law firms; any witnesses or experts; the Court and court personnel; any mediator appointed by the court or jointly selected by the parties; court reporters, records, and videographers engaged for depositions; independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation. If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the court their written agreement to be bound by the provisions of this Order.

(c)     **Control of Documents**.  The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. Counsel for the parties must maintain a record of those persons other than employees of counsel who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

(d)     **Unauthorized Disclosure of Confidential Information.**  If a Recipient discloses Confidential Information in a manner not authorized herein, the Recipient must immediately and in writing notify the Producing Party of all pertinent facts relating to such disclosure and, without prejudice to other rights and remedies of the Producing Party, make every effort to prevent further disclosure by the Recipient or by the person to whom the Recipient disclosed such information.

6.     **Challenges to a Confidential Designation.**  The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to

4

challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

7.      **Filing of Confidential Information**.  In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate, submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting party is permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.

8.      **Use of Confidential Documents or Information at Depositions**.  Deposition testimony will be deemed confidential only if designated as such. In the event that any Confidential Information is used at depositions, the reporter shall be instructed either (1) by a statement on the record by counsel at the time of the deposition, or (2) by written notice to all counsel within thirty (30) days after the receipt of the transcript that the portions of the

5

deposition relating to Confidential Information, as well as any "Confidential" documents which are made exhibits, shall be maintained under separate cover, with each page thereof clearly marked as "Confidential" or words to that effect, and if to be filed in connection with this proceeding or any subsequent appeal, shall be submitted to the Court pursuant to this order as set forth in Paragraph 7, and copies of such materials shall be given only to counsel of record. Only those persons afforded access under Paragraph 5 may be present at any examination concerning Confidential Information.

**9.**     **Use of Confidential Documents or Information at Trial or Hearing.**  Nothing in this Order will be construed to affect the use or admissibility of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

**10.**     **Obligations on Conclusion of Litigation.**

**(a)**     **Order Remains in Effect.**  Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

**(b)**     **Return of Confidential Documents.**  Within sixty (60) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to

destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

      **(c)**    **Retention of Work Product.**  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

     **11.**    **Limitations.**

      **(a)**    **No Agreement As To Any Specific Document.**  This Order is entered solely for the purpose of protecting the confidentiality of information and facilitating the exchange of documents and information between the parties to this proceeding without unnecessarily involving the Court in the process. By entering into this Order, no party agrees to produce any particular document or information referenced herein. This Order shall be without prejudice to the right of any party to object to the production of any information or documents, or to object to the admissibility of any evidence or testimony. This Order shall be without prejudice to the right of any party or non-party to present to the Court a motion for a separate Protective Order as to any such particular document or information, including restrictions differing from those specified herein, and this Order shall not be deemed to prejudice any party in any way in any future application for modification of this Order.

      **(b)**    **No Effect on Authenticity.**  The parties agree that any documents that are

otherwise authentic for purposes of admissibility remain authentic even if stamped "Confidential."

    **(c)**  **No Effect on Party's Own Use.**  This Order has no effect upon and shall not apply to a party's own use of the information and documents that party produced under the protections of this Order.

    **12.**  **Privileges and Protections.**  Nothing in this Order shall be deemed to be a limit or waiver of the attorney-client privilege, the work product protection, or any other relevant privilege or protection. If a party inadvertently produces documents that are subject to the attorney-client privilege or work product protection, the Receiving Party shall, upon request by the Producing Party, return all such documents without retaining any copies and shall not use the documents or the information contained in those documents for any reason.

    **13.**  **Order Subject to Modification**.  This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

    **14.**  **No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

    **15.**  **Persons Bound by Protective Order.**  This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made

8

subject to this Order by its terms.

16. **Jurisdiction.** The court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

**IT IS SO ORDERED.**

Dated:  February 24, 2017

James P. O'Hara
James P. O'Hara
U.S. Magistrate Judge

| WE SO MOVE and agree to abide by the terms of this Order. | WE SO MOVE and agree to abide by the terms of this Order. |
|---|---|
| Dated: February 24, 2017 | Dated: February 24, 2017 |
| /s/ Michael J. Gallagher | /s/ Kelly H. Foos |
| Michael J. Gallagher, KS #70617 | Jeffrey L. Heiman, KS #20858 |
| **GALLAGHER & KAISER, LLP** | Kelly H. Foos, KS #27143 |
| 1044 Main Street, Suite 500 | **STEVENS & BRAND, L.L.P.** |
| Kansas City, MO 64105 | P.O. Box 189 |
| Telephone: (816) 471-4500 | 900 Massachusetts St., Suite 500 |
| Fax: (816) 888-8480 | Lawrence, KS 66044 |
| mgallagher@gkkclaw.com | Telephone:  (785) 843-0811 |
| **ATTORNEY FOR PLAINTIFF** | Fax:  (785) 843-0341 |
| | Email: jheiman@stevensbrand.com |
| | Email: kfoos@stevensbrand.com |
| | **ATTORNEYS FOR DEFENDANT** |

9

**ATTACHMENT A**

**ACKNOWLEDGMENT
AND
AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated

_____ in the case captioned *Coelet Cotton v. Cottonwood, Incorporated*, Case No.

2:16-cv-02552-DDC-JPO, and attached hereto, understands the terms thereof, and agrees to be

bound by its terms. The undersigned submits to the jurisdiction of the United States District

Court for the District of Kansas in matters relating to this Protective Order and understands that

the terms of the Protective Order obligate him/her to use materials designated as Confidential

Information in accordance with the order solely for the purposes of the above-captioned action,

and not to disclose any such Confidential Information to any other person, firm, or concern,

except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in

penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____

Signature _____